Jeremiah R. DAVIDSON, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 18, 1998.

Decided Dec. 4, 1998.

Mitchell A. Kaufman, Chief–Appellate Div., Pittsburgh, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

Before the Court is the appeal of Jeremiah Davidson (Davidson) from the decision of the Pennsylvania Board of Probation and Parole (Board), which denied in part and granted in part Davidson's request for administrative relief *nunc pro tunc.* The Board recommitted Davidson to a state correctional institution to concurrently serve twelve months backtime as a technical parole violator and twenty-four months backtime as a convicted parole violator. We reverse and remand.

The facts relevant to the present appeal are as follows.[1] On November 11, 1992, the Board ordered Davidson reparoled effective December 10, 1992. On February 10, 1994, Pittsburgh Police and United Stated Postal Inspectors arrested Davidson for various criminal violations while he was on parole (county arrest). On March 21, 1994, the Board ordered Davidson detained pending

1. The facts relating to Davidson's prior arrests and previous Board actions can be found in *Davidson v. Pennsylvania Board of Probation and* *Parole,* 667 A.2d 1206 (Pa.Cmwlth.1995) (*Davidson I*).

the disposition of the criminal charges arising from his county arrest. On August 24, 1994, federal authorities lodged a warrant against Davidson for the same criminal activity that precipitated his county arrest (federal arrest). Davidson posted bail on the federal charges on September 7, 1994. In response to the lodging of federal charges against Davidson, the county charges arising from the same criminal activity were *nolle prossed* on September 30, 1994. A Board action of February 24, 1995, ordered Davidson detained pending the disposition of the criminal charges resulting from his federal arrest.[2]

On May 18, 1995, Davidson was convicted on the federal charges; subsequently, he was granted a new trial. Davidson eventually pled guilty to the federal charges on February 10, 1997. As a result of his guilty plea, Davidson's federal bail was revoked, and he was sentenced to a term of forty-one months.

Davidson was paroled from his federal sentence on September 3, 1997; the Federal Bureau of Prisons (FBP) gave him credit on his federal sentence from the date of his county arrest (February 10, 1994). After Davidson's parole from his federal charges, the Board held a revocation hearing. The Board, by order dated October 21, 1997, recommitted Davidson to a state correctional institution to concurrently serve twelve months backtime as a technical parole violator and twenty-four months backtime as a convicted parole violator. This order also set Davidson's maximum parole violation date as September 16, 2001.[3]

Davidson brought an administrative appeal *nunc pro tunc* on his own behalf alleging he had served all of his original sentence prior to pleading guilty to the federal charges, and as such, the Board erred by recommitting him to a state correctional institution and in calculating his maximum parole violation date. In response to Davidson's administrative appeal, his maximum parole expiration date was reduced by a period that the Board conceded Davidson was in state custody solely on the Board's warrant. A new maximum date of July 18, 2001 resulted.

Davidson now appeals to this Court alleging that the Board erred by rescinding credit previously awarded to him and by not granting him credit toward his original term for all the time he served solely under the Board's warrant.[4] Davidson argues that the Board should have given him credit toward his original sentence for the period between September 7, 1994 (the date he posted bond on his federal charge) until February 10, 1997 (the date he pled guilty) because he was being held solely on the Board's warrant during this period. Davidson also alleges that the Board is now rescinding credit which previously was given to him because the FBP credited this time toward his federal sentence. We agree.

There are two operative time periods which must be examined in this matter. The first is the period from the date of Davidson's county arrest (February 10, 1994) until the date those charges were *nolle prossed* (September 30, 1994). The second is the period from the date that Davidson posted bail on his federal charges (September 7, 1994) until the date Davidson pled guilty to those charges (February 10, 1997). We believe that Davidson is entitled to credit against his original sentence for both of these periods, realizing of course, that the periods overlap.

2. This Board action referred to a previous Board action of August 29, 1994, which ordered Davidson recommitted to a state correctional institution to serve twelve months backtime as a technical parole violator.

3. The Board determined that upon his reparole on December 10, 1992, Davidson had a recalculated maximum date of March 9, 1997. Thus, there remained four years, two months, and twenty-nine days to be served. Since Davidson had served two months and sixteen days backtime, this amount was subtracted from his time

owed to arrive at a total of four years and thirteen days owed. When this number is added to the date Davidson was paroled from his federal sentence, the Board arrived at a September 16, 2001 parole violation maximum date.

4. Our scope of review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or whether the constitutional rights of the parolee were violated. 2 Pa.C.S. § 704; *Shaffer v. Pennsylvania Board of Probation and Parole*, 675 A.2d 784 (Pa.Cmwlth.1996).

We have already addressed the first time period in *Davidson v. Pennsylvania Board of Probation and Parole*, 667 A.2d 1206 (Pa. Cmwlth.1995) (*Davidson I* ). In *Davidson I*, this Court ruled that Davidson was entitled to credit toward his original sentence from the date of his county arrest to the date the county charges were *nolle prossed*. In reaching that decision, we looked to the Pennsylvania Supreme Court's decision in *Gaito v. Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), which discussed the ramifications of an acquittal on crediting time toward a parolee's original sentence. This Court reiterated the Supreme Court's belief that, *"if a parolee is not convicted . . . the pre-trial custody time must be applied to the parolee's original sentence."* *Davidson*, 667 A.2d at 1208. In addition, we looked to our decision in *Morrison v. Board of Probation and Parole*, 134 Pa.Cmwlth. 488, 578 A.2d 1381 (Pa.Cmwlth.1990), wherein we "emphasized that when a parolee is arrested and does not post bail, 'pre-trial confinement time is credited to the new sentence received upon a conviction of the new charge(s) or, *if the parolee is acquitted, the time is credited to his parole sentence.'* " *Davidson*, 667 A.2d at 1208. The *Davidson I* Court went on to analogize a *nolle prosse* to an acquittal for purposes of crediting the time a parolee spends in custody.

■ Despite our ruling in *Davidson I*, the Board maintains that it should not be bound by that decision for two reasons. The Board initially argues that since it was not aware at the time of *Davidson I* that the county charges were *nolle prossed* in response to the federal authorities assuming jurisdiction over these charges, the Board should not been bound by that decision. The Board has not presented the Court with any authority to support such a proposition. Furthermore, our review of the record reveals that the Board was aware of the impetus for *nolle prossing* the county charges well before this Court's determination in *Davidson I*. *Davidson I* was submitted on briefs to this

Court on October 6, 1995. In the record there are at least two orders with handwritten notations dated October 14, 1994, both of which recognize that the county charges were *nolle prossed* in response to the lodging of the federal charges.[5] Thus, even assuming that we would have decided *Davidson I* differently had the Board presented us with the motivation behind the decision to *nolle prosse* the county charges, the doctrine of res judicata precludes the collateral attack against *Davidson I* that the Board is attempting here. *See Cromartie v. Board of Probation and Parole*, 680 A.2d 1191, 1196 (Pa.Cmwlth.1996) (holding that doctrine of res judicata "dictates that a final judgment on the merits is conclusive of the rights of the parties and constitutes a bar to subsequent action involving the same claim, demand or cause of action").

The Board also contends that since it was not known at the time of *Davidson I* that the FBP would credit this time period toward Davidson's federal sentence, it should not be bound by the *Davidson I* decision. The Board believes that since the FBP credited this time against Davidson's federal sentence, the operation of *Davidson I* effectuates double credit for Davidson, which was not the intention of the Court. In *Davidson I*, this Court dealt with a case involving a county arrest that was eventually *nolle prossed*; that was all that the Court addressed and that is as far as that precedent extends. We fail to see how the subsequent actions of the FBP affect the validity of that well-reasoned decision. Once again, the Board is attempting to collaterally attack a decision of this Court in contravention to the principles of res judicata.

Moving to the second operative time period, we believe that this period is clearly governed by the Pennsylvania Supreme Court's decision in *Gaito*. In *Gaito*, the Supreme Court set forth the following guidelines for crediting time a parolee serves as the result of new criminal charges: *if a*

---

5. Page twenty-six of the Certified Record is a copy of a Board action taken on April 6, 1994, which action alludes to Davidson's February 10, 1994, county arrest. That order also contains the following handwritten notation next to the allusion to the county charges: "nolle prossed-taken over by Feds DC23B Rec'd 10/14/94 I.S." A similar notation appears on another Board action of September 15, 1994. (Certified Record, p. 29.)

*parolee is being held solely by virtue of a Board's detainer order and has met the bail requirements on the new criminal charges, then the time he spends in custody is credited toward his original sentence,* conversely, if the parolee is in custody prior to trial on the new criminal charges by virtue of the fact that he has failed to meet the bail requirements on the new criminal charges, then the time spent in custody shall be credited toward his new sentence. *Gaito,* 488 Pa. at 403–04, 412 A.2d at 571.

■ As noted at the revocation hearing, Davidson was in state custody solely on the Board's warrant from the date he posted bail on his federal charges until the time he pled guilty to those charges. (Certified Record, p. 65.) [6] Clearly, under *Gaito* this time is to be credited toward his original sentence.

The Board makes two arguments in attempting to escape the clear consequence of *Gaito.* First, the Board contends that *Gaito* should not apply because it effectuates double credit in this instance because the FBP granted Davidson credit toward his federal sentence for the time spent in county custody prior to sentencing. Second, the Board contends that even if Davidson is eligible for double credit by operation of *Gaito,* double credit should be limited to the period from September 7, 1994 until April 18, 1995.

■ The FBP erred by giving Davidson credit from the date of his county arrest because, by virtue of his posting bail on his federal charges, he was receiving credit for that time against his original county sentence.[7] Presumably, the FBP did not realize that Davidson was receiving credit toward his county charges while he was in state custody.[8] Nevertheless, no matter how fortuitous it may seem, the FBP's mistake does not change the clear holding in *Gaito* that Davidson is to be given credit against his original sentence for any time spent in custody solely as result of the Board's warrant.

In the alternative, the Board attempts to limit the extent of Davidson's double credit. The Board argues that April 18, 1995 was the date of Davidson's initial federal conviction and that at this point his federal bail was revoked. As such, the Board believes that even under *Gaito,* anytime thereafter should

---

6. The hearing examiner at Davidson's revocation hearing stated:

> One significant piece of information which I'll put on the record which I think is something the Board will definitely have to consider is that Mr. Davidson has been our Board warrant because of this situation since 2/10/94 so a considerable amount of time has been already been spent working on this.

(Certified Record, p. 65).

7. The FBP grants credit for time spent in custody prior to the date a sentence commences in accordance with 18 U.S.C. §3585(b). Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> (1) as a result of the offenses for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

(Emphasis added.) Thus, the controlling principle here is that the FBP grants a prisoner credit only toward the service of his federal sentence for time spent in official custody that is not credited toward any other sentence.

8. We would be remiss if we did not mention a letter sent from the FBP to the United States Attorney's Office for the Western District of Pennsylvania contained in the record. This letter details the facts surrounding Davidson's arrests and acknowledges that Davidson was to receive federal credit for any time served in official custody that was not credited to another sentence. The letter provides, in pertinent part:

> A review of the facts indicates that Petitioner [Davidson] has been in continuous custody by Pennsylvania state authorities from his February 10, 1994 arrest until his eventual parole to federal custody. As such, he may receive federal prior custody credit for this time period. However, it is the responsibility of the Attorney General, through the Federal Bureau of Prisons, to make the prior custody credit determination after Petitioner begins his federal sentence. *This determination will be based on whether this period of time, or any portion thereof, has been credited to his Pennsylvania sentence, because a defendant is not to receive double credit for detention time.*

(Certified Record, p. 42.) (Emphasis added). Apparently, the FBP made an erroneous determination that Davidson was not receiving credit toward his original sentence.

be credited toward the new sentence because there is nothing in the record to indicate that bail was again posted after the initial conviction of April 18, 1995, even though Davidson was granted a new trial sometime thereafter. We disagree.

Our review of the record uncovered a letter to Davidson from the Office of the Clerk for the United States District Court for the Western District of Pennsylvania, indicating that Davidson's bail was revoked on February 10, 1997, when he pled guilty to the federal charges. This letter provides, "At the direction of the Court, please note that your bond was revoked when you entered your guilty plea. Feb [sic] 10[sic] 1997[sic]" (Certified Record, p. 102.) It logically follows that Davidson did post bail again sometime after his initial federal conviction was overturned. Thus, the only evidence of record supports Davidson's assertion that he did maintain bail until he pled guilty on February 10, 1997, contrary to the Board's argument.

Accordingly, the decision of the Board is reversed, and this matter is hereby remanded. The Board is ordered to give Davidson credit toward his original sentence from the date of his county arrest (February 10, 1994) until the date those charges were *nolle prossed* (September 30, 1994) in accordance with this Court's decision in *Davidson I*. In addition, the Board is ordered to give Davidson credit toward his original sentence from the date that he posted bail on his federal charges (September 7, 1994) until the date he pled guilty to those charges (February 10, 1997).

### ORDER

AND NOW, this 4th day of December, 1998, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is reversed, and this matter is remanded. The Board is ordered to give Davidson credit toward his original sentence from the date of his county arrest (February 10, 1994) until the date those charges were *nolle prossed* (September 30, 1994) in accordance with this Court's decision in *Davidson I*. In addition, the Board is ordered to give Davidson credit toward his original sentence

from the date that he posted bail on his federal charges (September 7, 1994) until the date he pled guilty to those charges (February 10, 1997).

Jurisdiction relinquished.