# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert S. Riede,        :
     Petitioner     :
             :
     v.       :  No. 337 C.D. 2015
             :  Submitted: February 19, 2016
Pennsylvania Board of Probation  :
and Parole,         :
     Respondent    :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**        **FILED: August 8, 2016**


    Before this Court are (i) the petition of Robert S. Riede for review of the January 21, 2015 determination of the Pennsylvania Board of Probation and Parole (Board), which affirmed its recommitment of Riede as a convicted parole violator to serve 18 months of backtime[1] and the recalculation of his parole violation maximum date, and (ii) the petition of Christopher E. Farrell, Esq., a public defender in Wayne County (Counsel), for leave to withdraw as counsel for Riede on the grounds that the petition for review is frivolous. Because we conclude that Counsel has not satisfied the technical requirements for withdrawal as

---

[1] "'Backtime' is the portion of a judicially imposed sentence that a parole violator must serve as a consequence of violating parole before he is eligible for re-parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 162 n.1 (Pa. Cmwlth. 2016).

appointed counsel for a parolee contesting a revocation and recommitment decision, we deny the petition for leave to withdraw without prejudice and do not reach the merits of the petition for review.

On May 7, 2007, Riede was released on parole from the State Correctional Institution (SCI) at Chester; at the time of his release, Riede had a parole violation maximum date of September 18, 2013 based on an 8 to 16 year sentence imposed by the Court of Common Pleas of Monroe County in 1997. (Certified Record (C.R.) at 12.) On June 9, 2011, federal authorities arrested Riede in North Carolina based upon an arrest warrant issued in the Middle District of Pennsylvania. (C.R. at 35, 37.) The Board lodged a warrant to detain Riede on June 10, 2011; this detainer was canceled on September 18, 2013, Riede's original maximum date. (C.R. at 20.) Riede was extradited from North Carolina to Pennsylvania where he was held in Lackawanna County Prison on a federal detainer without posting bail. (C.R. at 64.)

On March 4, 2014, Riede pleaded guilty to one count of conspiracy to distribute 5 kilograms or more of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. (C.R. at 38-46.) The Board relodged its detainer against Riede on June 20, 2014 based on the new conviction. (C.R. at 22.) On June 23, 2014, Riede was sentenced in the United States District Court for the Middle District of Pennsylvania to time served with a three-year period of supervised release. (C.R. at 57-63.)

On June 24, 2014, the Board served Riede with notice of charges and its intent to hold a parole revocation hearing while Riede was still in Lackawanna County Prison, and on that date, Riede signed a waiver and admission form in which he waived his revocation hearing and admitted his guilty plea to the federal

2

charge. (C.R. at 23, 33.) On June 25, 2014, Riede was returned to the Board's custody at SCI Waymart. (C.R. at 66.)

On September 19, 2014, the Board issued a decision recommitting Riede as a convicted parole violator to serve 18 months backtime based upon a conviction of conspiracy to commit controlled substances, setting a parole eligibility date of December 23, 2015, and recalculating Riede's parole violation maximum date as November 4, 2020. (C.R. at 69.) In making this recalculation of the maximum date, the Board determined that Riede owed 2,326 days when he was paroled on May 7, 2007 with an original maximum date of September 18, 2013, and that Riede became available to serve his original sentence on June 23, 2014. (C.R. at 67.)

Riede filed a timely petition for administrative review, and the Board affirmed its earlier decision on January 21, 2015.[2] (C.R. at 72-73, 80-81.) Riede, acting *pro se*, filed a petition for review of the Board's denial of his petition for administrative review with this Court. Riede also filed an application to proceed *in forma pauperis*; by a March 30, 2015 *per curiam* order, this Court granted Riede permission to proceed *in forma pauperis* and appointed the Wayne County Public Defender to represent Riede in this matter. On July 15, 2015, Counsel filed a petition for leave to withdraw and an *Anders* brief[3] in support of the petition. Riede thereafter filed a *pro se* brief, and the Board filed a brief in response.

---

[2] Following his initial petition for administrative review, Riede submitted three other items of correspondence to the Board after his initial appeal that contained additional legal argument; the Board did not address this correspondence pursuant to its regulations providing that second or subsequent requests for administrative relief will not be received. (C.R. at 71, 74-80, 82-91); *see also* 37 Pa. Code § 73.1(b)(4).

[3] *See Anders v. California*, 386 U.S. 738 (1967).

3

When evaluating a petition for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, we first determine whether counsel has satisfied the technical requirements of: (i) notifying the inmate of his request to withdraw; (ii) furnishing the inmate with a copy of the *Anders* brief or a no-merit letter satisfying the requirements of *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988);[4] and (iii) advising the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760 (Pa. Cmwlth. 1985); *see also Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-25 (Pa. Cmwlth. 2009) (*en banc*); *Wesley v. Pennsylvania Board of Probation and Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992). Only once appointed counsel has fully complied with the technical requirements for withdrawal will the court independently evaluate the proceedings before the Board to determine whether the appeal is frivolous or without merit. *Jefferson v.*

---

[4] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Alternatively, where the parolee has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a *Turner* no-merit letter instead of an *Anders* brief; a no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. *Turner*, 544 A.2d at 928; *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43 & n.4 (Pa. Cmwlth. 2010); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (*en banc*). Only a statutory right to counsel exists here and therefore only a no-merit letter is required. *Seilhamer*, 996 A.2d at 42 n.4; *Hughes*, 977 A.2d at 25-26. This Court, however, will not deny a petition for leave to withdraw where an *Anders* brief is filed but only a no-merit letter will suffice but instead will simply apply the lack of merit standard where there is no constitutional right to counsel and a no-merit letter would suffice. *Hughes*, 977 A.2d at 26 n.4.

*Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998); *Hont v. Pennsylvania Board of Probation and Parole,* 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (*en banc*); *Wesley*, 614 A.2d at 356.

We conclude that Counsel has not satisfied the technical requirements for withdrawal and therefore we do not reach the merits of Riede's petition for review. There is no indication in the record that Counsel served either his petition for leave to withdraw as counsel or his *Anders* brief, which was attached as an exhibit to the petition, on Riede. Indeed, the certificate of service submitted by Counsel demonstrates that service was made to counsel for the Board and to the Attorney General, but there is no mention of service to Riede. Furthermore, Riede avers in his *pro se* brief that after being informed that Counsel had been appointed to represent him, he has not received any subsequent communication from Counsel. (Petitioner's Br. at 6.) While the July 20, 2015 *per curiam* order issued by this Court advised that Riede may obtain substitute counsel at his own expense or file a brief on his own behalf, Counsel served that order on Riede as the order directed him to do, and Riede subsequently filed a *pro se* brief, Counsel's service of this order alone did not discharge the requirements for withdrawal from representation.

We also conclude that Counsel did not meet the technical requirements for withdrawal from representation because his *Anders* brief did not sufficiently analyze the issues Riede seeks to raise on appeal or address all the issues that Riede intended to argue. In an *Anders* brief or a no-merit letter submitted in support of a petition for leave to withdraw, counsel must not only state his conclusion that the appeal is frivolous or without merit but must also conduct an analysis explaining *why* each issue the petitioner seeks to raise on

5

appeal is frivolous or without merit. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Turner*, 544 A.2d at 928-29; *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43-44 & n.5 (Pa. Cmwlth. 2010); *Jefferson*, 705 A.2d at 514. This Court will also deny a petition for leave to withdraw as counsel where counsel fails to analyze why the petitioner's issues lack merit[5] or where counsel fails to address an issue that a petitioner sought to raise on appeal.[6] In addressing the challenge raised by Riede to the calculation of his parole violation maximum date, Counsel in his *Anders* brief has merely summarily stated that the Board has the legal authority to change Riede's maximum date and Riede's appeal is without merit with no analysis to support Counsel's conclusion that the Board's calculation of his maximum date was correct. Furthermore, Counsel does not address the assertion by Riede in his petition for review that he was entitled to double credit for the time applied to his federal sentence and does not mention or attempt to distinguish either of the two cases that Riede cited in his petition for

---

[5] *See, e.g.*, *Seilhamer*, 996 A.2d at 44 (holding that appointed counsel had not satisfied the technical requirements of a no-merit letter because there was no explanation or analysis supporting counsel's conclusion that the issue that the petitioner sought to raise on appeal was without merit); *Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1249 (Pa. Cmwlth. 2003) (holding that counsel's failure to provide sufficient legal analysis to support the conclusion in his *Anders* brief that the Board properly denied the petitioner credit for street time precluded the Court from undertaking "our own independent evaluation, no matter that even with cursory research, we could find that the appeal was frivolous"); *Jefferson*, 705 A.2d at 514 (holding that counsel's "cursory explanation, with no analysis to support his conclusions [that the petitioner's parole violation maximum date was calculated correctly] nor any citation to the record" did not "meet the requirement that the 'no merit letter' provide 'analysis' of [the petitioner]'s allegedly frivolous claims").

[6] *See, e.g.*, *Hont*, 680 A.2d at 48 (denying counsel's petition for review because counsel neglected to analyze two of the three issues the petitioner sought to raise on appeal); *Wesley*, 614 A.2d at 356-57 (holding counsel's *Anders* brief was facially defective because it failed to address two of the four issues the petitioner raised in his petition for review).

review.[7] Counsel therefore has failed to meet the requirements for withdrawal and this Court will not address the merits of Riede's appeal.

Accordingly, we deny Counsel's petition for leave to withdraw, with leave to refile.

**JAMES GARDNER COLINS, Senior Judge**

---

[7] *See Yates v. Pennsylvania Board of Probation and Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012); *Davidson v. Pennsylvania Board of Probation and Parole*, 722 A.2d 232 (Pa. Cmwlth. 1998). Nor does Counsel address the applicability of Section 6138(a)(5.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(5.1), relating to the order of service of sentences when a parole violator is convicted of new federal criminal charges. *See Banks v. Pennsylvania Board of Probation and Parole*, 136 A.3d 1102 (Pa. Cmwlth. 2016). In determining the issues that Riede seeks to raise on appeal, Counsel appears to have ignored Riede's petition for review and instead looked only to a memorandum of law that Riede had originally sent to the Board following his initial petition for administrative review and then subsequently attached to his Application for Leave to Proceed *In Forma Pauperis*. Even if this memorandum of law is considered the operative document for determining what issues Riede seeks to raise on appeal, Counsel did not address all of the issues cited by Riede in the memorandum of law, including (i) whether the Board's recommitment of Riede beyond his original judicially imposed sentence maximum date unconstitutionally usurps the power of the judiciary; (ii) whether the Board's recommitment of Riede beyond his original maximum date violates the *Ex Post Facto* clause of the United States Constitution; and (iii) whether the Board abused its discretion in recommitting him as a convicted parole violator to serve his remaining term without giving him any credit for time spent at liberty on parole. *See* 61 Pa. C.S. § 6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole,* 131 A.3d 604 (Pa. Cmwlth.) (*en banc*), *petition for allowance of appeal granted,* ___ A.3d ___ (Pa., No. 90 MAL 2016, filed May 23, 2016).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert S. Riede, : 
          Petitioner : 
           : 
          v. :   No. 337 C.D. 2015
           : 
Pennsylvania Board of Probation : 
and Parole, : 
          Respondent : 

## O R D E R

AND NOW, this 8th day of August, 2016, the petition for leave to withdraw as counsel filed by Christopher E. Farrell, Esq., (Counsel) in the above-captioned matter is hereby DENIED without prejudice. Counsel is granted leave to refile the petition for leave to withdraw as counsel within thirty (30) days from the date of this Order with a supporting brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter. Counsel is further directed to file a certificate of service demonstrating service of a copy of such re-filed petition for leave to withdraw and *Anders* brief or no-merit letter on Petitioner Robert S. Riede. If Counsel concludes, upon reconsideration, that the above-captioned appeal is not frivolous, Counsel shall submit a brief on the merits of the appeal within thirty (30) days of the date of this Order. Consideration of the merits of the petition for review is deferred until Counsel files a new petition for leave to withdraw or a brief on the merits of the appeal.

**JAMES GARDNER COLINS, Senior Judge**