IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Hayes, : 
              Petitioner : 
               : 
        v. : No. 275 C.D. 2016
          : Submitted: August 19, 2016
Pennsylvania Board of Probation : 
and Parole, : 
             Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: October 18, 2016

David Hayes petitions for review, *pro se*, of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his request for administrative review of the Parole Board's decision recommitting him as a convicted parole violator to serve 555 days backtime. Hayes argues that the Parole Board erred in not crediting his original sentence with the time he was in custody from May 2, 2015, to July 30, 2015. Accordingly, Hayes challenges the Parole Board's recalculation of his maximum sentence date to be February 4, 2017. For the reasons that follow, we affirm the Parole Board's order.

Hayes is currently incarcerated in the State Correctional Institution (SCI) at Graterford. His original conviction for drug and theft charges resulted in a one and one half to four year sentence. His minimum release date was August 3, 2013, and his maximum release date was February 3, 2016. Hayes was paroled on July 28, 2014, from SCI-Pittsburgh. The conditions of parole, which Hayes

signed, stated: "If you are convicted of a crime committed while on parole/reparole, the [Parole] Board has the authority, after an appropriate hearing(s), to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." Certified Record at 14 (C.R. __).

On May 1, 2015, Hayes was arrested on new drug charges and confined in the Delaware County Prison. On May 2, 2015, the trial court set bail in the amount of $50,000, which Hayes was unable to post. On that same day, the Parole Board issued a warrant to commit and detain Hayes.

On May 4, 2015, the Parole Board provided Hayes a notice of charges and detention hearing; he waived his right to the hearing. By decision of July 14, 2015, the Parole Board detained Hayes pending disposition of criminal charges.

On July 30, 2015, Hayes pled guilty to two counts of manufacture, sale, delivery or possession with intent to deliver a controlled substance and the Delaware County Court of Common Pleas sentenced him to three to 23 months in county prison, with a consecutive sentence of two years probation. Hayes received credit on his new sentence for his confinement from May 2, 2015, to July 30, 2015. C.R. 38.

On August 5, 2015, Hayes waived his right to a parole revocation hearing and acknowledged his drug conviction in Delaware County while he was on parole. On October 19, 2015, the Parole Board recommitted Hayes as a

convicted parole violator to serve 555 days backtime.[1]  C.R. 72-73.  Accordingly, the Parole Board calculated Hayes' parole violation maximum date to be February 4, 2017.

On November 5, 2015, Hayes filed an administrative appeal, challenging the Parole Board's authority to recalculate his maximum original sentence and the recalculation itself.  The Parole Board, finding no grounds to grant relief, affirmed its October 19, 2015, decision.  Hayes now petitions this Court for review.

On appeal,[2] Hayes raises two issues.  First, Hayes argues that the Parole Board, in calculating his recommitment sentence, erred in not awarding him credit for the time he was confined on the Parole Board's warrant from May 2, 2015, to July 30, 2015.  Second, Hayes claims that the Parole Board erred because it lacks authority to impose backtime that exceeds the remaining balance of his original unexpired sentence.  The Parole Board responds that it acted in accordance with the relevant statute and case law in recalculating his maximum sentence date.

We address, first, Hayes' argument that his original sentence should be credited for the time spent in custody from May 2, 2015, through July 30, 2015, on the Parole Board's detainer.  In support, Hayes directs us to *Davidson v. Pennsylvania Board of Probation and Parole*, 722 A.2d 232 (Pa. Cmwlth. 1998).

---

[1] Hayes was released on parole from his original sentence on July 28, 2014.  At that time, his maximum sentence date was February 3, 2016, leaving 555 days remaining to serve.  C.R. 74.

[2] Our scope of review is to determine whether the Parole Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

In *Davidson*, this Court ordered the Board to credit the petitioner's original sentence for the period of time that he was in custody *solely* on the Board's detainer. In doing so, we reiterated that

> [i]f a parolee is being held solely by virtue of a Board's detainer order and has met the bail requirements on the new criminal charges, then the time he spends in custody is credited toward his original sentence, conversely, if the parolee is in custody prior to trial on the new criminal charges by virtue of the fact that he has failed to meet the bail requirements on the new criminal charges, then the time spent in custody shall be credited toward his new sentence.

*Davidson*, 722 A.2d at 234-35 (emphasis in original) (citing *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980)).

Hayes' reliance on *Davidson* is misplaced because it actually supports the Parole Board's determination not to credit Hayes' original sentence for the time period at issue. Hayes was not incarcerated *solely* on the Parole Board's detainer. His incarceration from May 2, 2015, through July 30, 2015, in the Delaware County Prison was a result of the Parole Board's detainer *and* his inability to post bail. C.R. 49. Where confinement is not based solely on the Parole Board's detainer, but rather for both reasons, this Court has held that "time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence." *Hammonds v. Pennsylvania Board of Probation and Parole*, 143 A.3d 994 (Pa. Cmwlth. 2016). That is what occurred here. The Delaware County trial court's sentencing order credited Hayes' new sentence for the time he was incarcerated from May 2, 2015, through July 30, 2015. C.R. 38. Accordingly, the

4

Parole Board did not err in not awarding him credit for the same time period when it calculated his backtime owed upon recommitment.

Second, Hayes contends that the Parole Board erred in recalculating his maximum sentence date. He argues that the Parole Board may only require a parolee to serve the remaining balance of his unexpired term, but may not impose backtime that would exceed that period. Initially, we note that the Parole Board has "the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." *Knisley v. Pennsylvania Board of Probation and Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Further, "the constitutional challenges to this procedure [have been] rejected by this Court.…" *Id.* Because Hayes was recommitted as a convicted parole violator before his original sentence expired, the Parole Board's recalculation of his original sentence was proper.

Additionally, when computing the time to be served on a convicted parole violator's original sentence, the parolee's street time is added to the original maximum sentence expiration date to create a new maximum sentence date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007). When Hayes was paroled on July 28, 2014, his maximum sentence date was February 3, 2016. C.R. 1. Therefore, Hayes had one year, six months, and six days, or 555 days, remaining on his sentence. Hayes became available to begin serving backtime on July 30, 2015, when he was paroled on his new conviction. Adding 555 days to July 30, 2015, results in a parole violation

5

maximum date of February 4, 2017. C.R. 74. Thus, the Parole Board did not err in calculating Hayes' maximum sentence date to be February 4, 2017.

For these reasons, we affirm the Parole Board's adjudication.[3]

_____
MARY HANNAH LEAVITT, President Judge

_____

[3] Hayes' brief cites to 42 Pa. C.S. §9714(g) (relating to crimes of violence), and states his conviction while on parole, for manufacture, sale, delivery or possession with intent to deliver a controlled substance, is not considered a violent crime. Hayes' Brief at 13. Hayes fails to further develop this argument in violation of Pa. R.A.P. 2119(a). However, we can surmise that Hayes' issue is related to the language in Section 6138 of the Prisons and Parole Code, which states, in pertinent part:

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph 2.1, shall be given no credit for the time at liberty on parole.
>
> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa. C.S. §6138. While committing a crime listed in Section 9714(g) of the Sentencing Code, 42 Pa. C.S. §9714(g), expressly prohibits the Parole Board from awarding a parolee credit for time spent at liberty on parole, it does not follow that committing a different crime, not listed in Section 9714(g), automatically results in a parolee receiving credit for the same. Hayes' crime is not expressly excluded from credit consideration by subsection 2.1; however, the decision regarding whether to award a parolee credit remains discretionary with the Parole Board. *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604, 609 (Pa. Cmwlth. 2016), *appeal granted*, 137 A.3d 572 (Pa. 2016). What is more, Hayes' conditions of parole, which he signed on September 12, 2013, expressly state that if he is convicted of a crime while on parole and recommitted, he will not be credited for the time spent at liberty on parole. C.R. 14. Accordingly, the fact that Hayes was convicted of a nonviolent crime is irrelevant.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Hayes,                          :
              Petitioner          :
                                :
            v.                :   No. 275 C.D. 2016
                                :
Pennsylvania Board of Probation       :
and Parole,                           :
              Respondent          :

## **O R D E R**

AND NOW, this 18th day of October, 2016, the order of the Pennsylvania Board of Probation and Parole dated January 21, 2016, in the above-captioned matter is AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge