IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricky Vannoy,                                    :
                      Petitioner                 :
                                                 :
            v.                                   :
                                                 :
Pennsylvania Board of                            :
Probation and Parole,                            :    No. 1716 C.D. 2016
                      Respondent                 :    Submitted:  March 31, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                    FILED:  September 11, 2017


            Ricky Vannoy (Petitioner) petitions this Court for review of an order
of the Pennsylvania Board of Probation and Parole (Board) denying him credit for
time at liberty on parole, and recalculating his maximum sentence date. Upon
review, we vacate and remand to the Board for further proceedings.

            On February 1, 2008, after pleading guilty to several drug-related
offenses, Petitioner was sentenced to serve time in prison with a minimum
sentence date of May 11, 2012 and a maximum sentence date of May 11, 2017.
(Certified Record (C.R.) at 1.)  The Board granted Petitioner parole on February 2,
2012, with a release date of June 12, 2012.  *Id.* at 5, 11.  Petitioner signed a
statement acknowledging that, if convicted of a crime while on parole, the Board

had the authority, after an appropriate hearing, to recommit for service of the balance of the sentence Petitioner served while paroled, "with no credit for time at liberty on parole." (C.R. at 8) On December 7, 2014, Petitioner was arrested following a traffic stop which resulted in the discovery of heroin, crack cocaine, and a large amount of cash. *Id.* at 13. The Board issued a detainer that same day. *Id* at 12. Petitioner did not post bail. *Id.* at 51. Petitioner waived his right to counsel and a detention hearing on December 23, 2014. *Id.* at 25. The Board rendered a decision that Petitioner would be detained pending disposition of his criminal charges. *Id.* at 28.

On September 8, 2015, Petitioner pleaded guilty to the new charges. (C.R. at 34.) He was sentenced to 2-5 years and given credit of 276 days for time spent in jail from December 7, 2014, the date of his arrest, through September 8, 2015, the date of his sentencing for the new charges. *Id.* at 35. Petitioner waived his right to counsel, a revocation hearing, and a panel hearing on October 8, 2015. *Id.* at 56-57. On December 3, 2015, the Board issued a decision to recommit Petitioner as a convicted parole violator (CPV) to serve 18 months backtime. *Id.* at 70. Petitioner was determined ineligible for reparole until May 5, 2017 and his maximum sentence date was recalculated to October 3, 2020. *Id.* Petitioner was not awarded credit for his time at liberty on parole. *Id.* at 61. The Board's Hearing Report did not indicate a reason Petitioner was denied credit, only that he would receive no credit for street time. *Id.* at 66.

On January 16, 2016, Counsel for Petitioner brought an administrative appeal challenging the Board's recalculation of his maximum sentence date. (C.R.

2

at 72-73.) The Board denied the appeal and affirmed its December 3, 2015 decision. *Id.* at 82-84. This appeal followed.[1]

As set forth in his brief, Petitioner raises three issues before this Court:

1. Whether the [] Board erred in utilizing November 5, 2015[] as the day from which Petitioner's 18 month recommitment should begin.

2. Whether the [] Board's imposition of [18] months backtime is unreasonable and further demonstrates an abuse of the Board's discretion.

3. Whether the [] Board [] improperly modified the judicially-imposed maximum sentence Petitioner was serving by changing the maximum date of the original sentence and further erred when it concluded that Petitioner was not entitled to credit for all the time spent in good standing at liberty on parole merely because he had sustained a new conviction.

First, Petitioner argues the Board erred in using November 5, 2015 as the date upon which Petitioner was returned to custody for purposes of recalculating his maximum sentence date. Because he was in custody at SCI-Graterford starting on September 29, 2015, Petitioner argues he is entitled to have his period of incarceration from September 29, 2015 and November 5, 2015 credited against his sentence.

---

[1] Our scope of review is limited to determining whether necessary findings were supported by substantial evidence, an error of law was committed, or a constitutional right was violated. 2 Pa.C.S. § 704; *Adams v. Pennsylvania Board of Probation and Parole,* 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

3

In adopting this Court's reasoning from *Rodriques v. Pennsylvania Board of Probation and Parole,* 403 A.2d 184 (Pa. Cmwlth. 1979), our Supreme Court held that time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term *only* when the parolee was eligible for and satisfied bail requirements for the new offense and therefore remained incarcerated only by reason of the detainer warrant lodged against him. *Gaito v. Pennsylvania Board of Probation and Parole,* 412 A.2d 568, 571 (Pa. 1980). This Court has consistently held that "once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied, must be applied toward the new sentence, and not the original one." *Armbruster v. Pennsylvania Board of Probation and Parole,* 919 A.2d 348, 352 (Pa. Cmwlth. 2007). *See also Davidson v. Pennsylvania Board of Probation and Parole,* 722 A.2d 232 (Pa. Cmwlth. 1998).

Instantly, Petitioner was arrested pending new criminal charges and failed to post bail. (C.R. at 51.) Pursuant to Section 9760(1) of the Judicial Code, a defendant shall be given credit "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed." 42 Pa.C.S. § 9760(1). Though he may be entitled to credit against his new sentence for this time, there is no precedent suggesting that this period of time in custody should be applied to his previous sentence. Petitioner is not entitled to credit for time in which he was unable to post bail and confined pending resolution on other charges. That time should be applied to the new sentence, not the original sentence. *Gaito, Armbruster.*

4

Next, Petitioner argues the Board's imposition of 18 months backtime is unreasonable and demonstrates an abuse of discretion. Petitioner asserts that, when imposing 18 months backtime, the Board failed to consider mitigating circumstances, including Petitioner's entry of a guilty plea indicating remorse, the fact that the crime for which Petitioner was recommitted was his sole parole violation, Petitioner was employed and enrolled in school, and Petitioner has a wife and children who are dependent upon him.

Board regulations set forth the presumptive ranges for CPVs when the Board orders recommitment. For felony drug law violations with a statutory maximum of ten years, the presumptive range for a CPV is 18-24 months. 37 Pa. Code § 75.2. Petitioner admits as much in his brief. (Petitioner's Brief at 17.) This Court will not interfere with the Board's discretion as long as the amount of backtime imposed by the Board is within the applicable presumptive range. *Ward v. Pennsylvania Board of Probation and Parole*, 538 A.2d 971, 975 (Pa. Cmwlth. 1988). The Board's imposition of 18 months backtime clearly falls within the presumptive range. Further, the Board has broad discretion in parole matters and is not required to accept mitigating evidence to excuse the commission of parole violations. *Pitch v. Pennsylvania Board of Probation and Parole,* 514 A.2d 638 (Pa. Cmwlth. 1986). In these circumstances, where the Board imposed the minimum amount of backtime set forth in the applicable presumptive range, we conclude the Board did not abuse its discretion.

Finally, Petitioner argues the Board erred in not awarding him credit for time at liberty on parole. Subsection 6138(a)(2.1) of the Prisons and Parole

5

Code (Code),[2] Petitioner argues, allows the Board to deny credit only if the crime committed during the period of parole was a crime of violence or a crime requiring registration as a sex offender. In denying him credit and recalculating his max sentence date where he committed a non-violent drug crime, the Board abused its discretion. Petitioner interprets Subsection 6138(a)(2.1) as requiring the Board to award credit for time at liberty on parole if one is recommitted for a crime that is not either a crime of violence or one requiring registration as a sex offender. Therefore, the Board may, or may not, choose to award Petitioner credit for time at liberty on parole.

Subsection 6138(a)(2.1) of the Code provides in pertinent part that the Board may, in its discretion, award credit to a recommitted parolee unless the crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in Subsection 9714(g)[3] of the Judicial Code or a crime requiring registration as a sexual offender.

Petitioner's interpretation of Subsection 6318(a)(2.1) ignores and misinterprets the plain meaning of the statute. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). The clearest indication of legislative intent is generally the plain language of a statute and when the words of a statute are clear and free from all ambiguity, the letter is not to be disregarded under the pretext of pursuing its spirit. *Harmer v. Pennsylvania Board of Probation and Parole,* 83 A.3 293, 299 (Pa. Cmwlth. 2014). The statute in question is not ambiguous and its

---

[2] 61 Pa.C.S. §§ 101-6309.

[3] 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses).

plain meaning is clear: the Board has discretion to award, or not award, credit, except in certain circumstances when credit must be denied. Petitioner's crime, possession of a controlled substance with the intent to deliver, is not a crime of violence as defined in Subsection 9714(g) or a crime requiring registration as a sex offender.

The Board has discretion to deny credit for time at liberty on parole, and thus has the authority to recalculate maximum sentence dates. *See Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017)(Subsection 6138(a)(2.1) clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence); *Richards v. Pennsylvania Board of Probation and Parole,* 20 A.3d 596 (Pa. Cmwlth. 2011)(CPV not entitled to credit for time while at liberty on parole). However, our Supreme Court in *Pittman* stated that "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time at liberty on parole." *Pittman*, 159 A.3d at 475. The Supreme Court reasoned that, though the statute does not require a contemporaneous statement, the due process guarantees of the Pennsylvania Constitution Article V, Section 9 do. *Id.* at 474. To the extent an appellant has a right to appeal, the appellate court hearing the matter must have some means of assessing the Board's exercise of discretion and, to that end, the Supreme Court held that "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id*.

In the current case, the Board did not give a contemporaneous statement explaining its decision to deny Petitioner credit for time at liberty on parole. Instead, the Board simply checked 'No' to indicate that no credit would be

7

given.  (C.R. at 61.)   In the absence of a reason for the Board's denial of credit, it is not possible for Petitioner to exercise his constitutionally-guaranteed due process rights in the form of an appeal to this, or any other, appellate body. Though it is well established from a plain reading of Subsection 6138(a)(2.1), and from prior decisions of this Court and our Supreme Court, that the Board has authority to determine whether credit for time on parole will be awarded, and to recalculate a maximum sentence date accordingly, it is essential to the rights of the Petitioner that those decisions, and the reasoning behind them, be explained in a contemporaneous statement. *Pittman.*

For these reasons, we vacate the order of the Board and remand this matter to the Board for further proceedings consistent with this opinion.


_____
JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricky Vannoy,                                  :
                    Petitioner                 :
                                               :
          v.                                   :
                                               :
Pennsylvania Board of                          :
Probation and Parole,                          :          No. 1716 C.D. 2016
                    Respondent                 :

## O R D E R

AND NOW, this 11th day of September, 2017, the Order of the Pennsylvania Board of Probation and Parole is vacated and this matter is remanded for issuance of a new decision consistent with this opinion. Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge