525 A.2d 467

Elias Diaz, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 26, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Elias Diaz*, petitioner, for himself.

*John C. Armstrong*, Assistant Public Defender, for respondent.

OPINION BY JUDGE MACPHAIL, May 7, 1987:

Elias Diaz (Petitioner) has appealed to this Court from a denial by the Pennsylvania Board of Probation and Parole (Board) of his application for administrative review of a Board order recommitting him for one hundred and twenty-six (126) months of backtime, that being the remainder of his original maximum sentence, for multiple technical parole violations and a conviction for new offenses. The matter before us at this time is appointed counsel's petition for leave to withdraw which states that after a conscientious review of the record, counsel is of the belief that the Petitioner's appeal is wholly frivolous. Our duties in such cases are fully set

forth in *Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985) and need not be reported here.

Our independent review of the record in this case indicates that Petitioner's sole issue raised in his pro se petition for review is that the Board did not give Petitioner credit for street time served when he was recommitted solely for technical parole violations prior to his most recent violation hearing. The basis for his argument is the provision in Section 21.1(b) of the Act of August 6, 1941 (Act), P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. §331.21a(b) which provides that when a prisoner is recommitted for violation of a parole condition, he shall be given credit for time served on parole in good standing. Petitioner contends that if the Board correctly applied that provision of the Act, his backtime would be considerably reduced.

Counsel's *Anders* brief[1] states that in view of the provisions of Section 21.1*(a)* (emphasis added) of the Act, 61 P.S. §331.21a(a), "it is clear that the Board did not act beyond the scope of its authority." In Section 21.1(a), it is provided that where a prisoner is recommitted as a convicted parole violator, he shall be given no credit for street time while on parole.

As we see it, Petitioner is arguing that Sections 21.1(a) and 21.1(b) are separate provisions relating to different types of violations and that while street time is forfeited where there is a new conviction, street time is not forfeited where a parole condition is violated. This argument is not addressed in counsel's *Anders* brief.[2]

---

[1] *See Anders v. California,* 386 U.S. 738 (1967).

[2] The only case law cited in counsel's one-page argument is *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980), which holds that the forfeiture of street time does not violate due process nor does it subject a parolee to double jeopardy.

While we are well aware that our Supreme Court in *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), held that a statement in counsel's brief as to why there is no basis for an appeal should not be interpreted as a lack of advocacy, we also are mindful that our own duty is to independently review the record to determine whether there is any arguable issue for our determination and whether counsel has, in fact, conscientiously reviewed the record. We emphasize that while an issue may ultimately be determined to lack merit, that fact does not necessarily render the issue wholly frivolous. *Id.*

Here, as we have noted, counsel has not addressed nor effectively argued what we perceive to be the real issue raised in this case, *i.e.,* do Sections 21.1(a) and 21.1(b) of the Act operate independently with respect to the forfeiture of backtime? We, accordingly, conclude that counsel has not fulfilled his role as required by *Anders* and *McClendon.*

Under the circumstances presented, we will deny counsel's petition and direct that a briefing schedule be ordered following which we will determine the merit of Petitioner's appeal.

### Order

The petition of counsel for leave to withdraw is denied. It is ordered that a briefing schedule be established for argument on the merits of the appeal.

Jurisdiction retained.