# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert S. Riede,            :
           Petitioner            :
           :
           v.            :    No. 337 C.D. 2015
           :    Submitted: October 28, 2016
Pennsylvania Board of Probation    :
and Parole,            :
           Respondent       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                 **FILED: March 30, 2017**

Before this Court is the petition of Robert S. Riede for review of the January 21, 2015 determination of the Pennsylvania Board of Probation and Parole (Board), which affirmed its recommitment of Riede as a convicted parole violator to serve 18 months of backtime[1] and the recalculation of his parole violation maximum date to November 4, 2020. Also before this Court is the second petition of Christopher E. Farrell, Esq., a public defender in Wayne County (Counsel), for leave to withdraw as counsel for Riede. For the following reasons, we grant Counsel's application for leave to withdraw and affirm the Board.

---

[1] "'Backtime' is the portion of a judicially imposed sentence that a parole violator must serve as a consequence of violating parole before he is eligible for re-parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 162 n.1 (Pa. Cmwlth. 2016).

On May 7, 2007, Riede was released on parole from the State Correctional Institution (SCI) at Chester; at the time of his release, Riede had a parole violation maximum date of September 18, 2013 based on an 8 to 16 year sentence imposed by the Court of Common Pleas of Monroe County in 1997. (Certified Record (C.R.) at 12.) On June 9, 2011, federal authorities arrested Riede in North Carolina based upon a warrant issued in the Middle District of Pennsylvania. (C.R. at 35, 37.) The Board lodged a warrant to detain Riede on June 10, 2011, and on that date, Riede was extradited from North Carolina to Pennsylvania where he was held in Lackawanna County Prison on a federal detainer without posting bail. (C.R. at 20, 64.) The Board cancelled its detainer on September 18, 2013, Riede's original maximum date. (C.R. at 20, 64.)

On March 4, 2014, Riede pleaded guilty to one count of conspiracy to distribute 5 kilograms or more of a substance containing a detectable amount of cocaine, a Schedule II controlled substance. (C.R. at 38-46, 64.) The Board relodged its detainer against Riede on June 20, 2014 based on the new conviction. (C.R. at 22, 64.) On June 23, 2014, Riede was sentenced in the United States District Court for the Middle District of Pennsylvania to time served with a three-year period of supervised release. (C.R. at 57-64.)

On June 24, 2014, the Board served Riede with notice of charges and its intent to hold a parole revocation hearing while Riede was still in Lackawanna County Prison, and on that date, Riede signed a waiver and admission form in which he waived his revocation hearing and admitted his guilty plea to the federal charge. (C.R. at 23, 33-34.) On June 25, 2014, Riede was returned to the Board's custody at SCI Waymart. (C.R. at 64, 66.)

On September 19, 2014, the Board issued a decision recommitting Riede as a convicted parole violator to serve 18 months backtime based upon a conviction of conspiracy to distribute controlled substances, setting a parole eligibility date of December 23, 2015, and recalculating Riede's parole violation maximum date as November 4, 2020. (C.R. at 69.) In making this recalculation of the maximum date, the Board determined that Riede owed 2,326 days when he was paroled on May 7, 2007 with an original maximum date of September 18, 2013, and that Riede became available to serve his original sentence on June 23, 2014. (C.R. at 67.)

Riede filed a timely petition for administrative review, and the Board affirmed its earlier decision on January 21, 2015.[2] (C.R. at 72-73, 80-81.) Riede, acting *pro se*, filed a petition for review of the Board's denial of his petition for administrative review with this Court. Riede also filed an application to proceed *in forma pauperis*; by a March 30, 2015 *per curiam* order, this Court granted Riede permission to proceed *in forma pauperis* and appointed the Wayne County Public Defender to represent Riede in this matter. On July 15, 2015, Counsel filed his first petition for leave to withdraw as counsel for Riede and an *Anders* brief[3] in support of the petition. Riede thereafter filed a *pro se* brief in support of his petition for review, and the Board filed a brief in response.

When evaluating a petition for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, this Court must first determine

---

[2] Following his initial petition for administrative review, Riede submitted three other items of correspondence to the Board after his initial appeal that contained additional legal argument; the Board did not address this correspondence pursuant to its regulations providing that second or subsequent requests for administrative relief will not be considered. (C.R. at 71, 74-80, 82-91); *see also* 37 Pa. Code § 73.1(b)(4).

[3] *See Anders v. California*, 386 U.S. 738 (1967).

whether counsel has satisfied the technical requirements of: (i) notifying the inmate of his request to withdraw; (ii) furnishing the inmate with a copy of the *Anders* brief or a no-merit letter satisfying the requirements of *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988);[4] and (iii) advising the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760 (Pa. Cmwlth. 1985); *see also Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-25 (Pa. Cmwlth. 2009) (*en banc*); *Wesley v. Pennsylvania Board of Probation and Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992). Only once appointed counsel has fully complied with the technical requirements for withdrawal will the court independently evaluate the proceedings before the Board to determine whether the appeal is frivolous or without merit. *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998); *Hont v. Pennsylvania Board of*

---

[4] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Alternatively, where the parolee has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a *Turner* no-merit letter instead of an *Anders* brief; a no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. *Turner*, 544 A.2d at 928; *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43 & n.4 (Pa. Cmwlth. 2010); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (*en banc*). Only a statutory right to counsel exists here and therefore only a no-merit letter is required. *Seilhamer*, 996 A.2d at 42 n.4; *Hughes*, 977 A.2d at 25-26. This Court, however, will not deny a petition for leave to withdraw where an *Anders* brief is filed but only a no-merit letter will suffice but instead will simply apply the lack of merit standard where there is no constitutional right to counsel and a no-merit letter would suffice. *Hughes*, 977 A.2d at 26 n.4.

*Probation and Parole,* 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (*en banc*); *Wesley*, 614 A.2d at 356.

Upon review of Counsel's initial petition for leave to withdraw, we concluded that Counsel did not satisfy the procedural requirements for withdrawal because Counsel did not serve either his petition for leave to withdraw as counsel or his *Anders* brief on Riede. Furthermore, we determined that Counsel did not meet the requirements for withdrawal because his *Anders* brief did not sufficiently analyze the issues Riede sought to raise on appeal in his petition for review and did not address other issues Riede sought to raise on appeal that were discussed in his appellate brief or in a memorandum of law attached to his application for leave to proceed *in forma pauperis*. Therefore, we denied Counsel's petition for leave to withdraw without prejudice and granted Counsel 30 days to either file an amended petition, along with a no-merit letter or *Anders* brief adequately addressing each of the issues raised by Riede, or to submit a brief on the merits if Counsel determined upon reconsideration that Riede's appeal was not without merit. *See Riede v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 337 C.D. 2015, filed August 8, 2016). On October 7, 2016, Counsel filed a second petition for leave to withdraw and a new supporting *Anders* brief.

We conclude that Counsel's submission of a second petition for leave to withdraw and *Anders* brief satisfy the procedural requirements for withdrawal. In the certificate of service attached to his petition, Counsel states that he attempted to serve a copy of his petition on Riede but that Riede was paroled in February 2016 and released from a half-way house in June 2016. Counsel further represented that he contacted Riede's parole officer who provided Riede's telephone number; Counsel stated that he left numerous telephone messages and

5

sent text messages to Riede requesting his address but that Riede did not respond. It is clear to this Court that, though he was ultimately unsuccessful, Counsel attempted to serve Riede with the petition and *Anders* brief and advise Riede of his right to retain his own attorney or to submit a brief on his own behalf. Moreover, as Counsel notes, Riede filed a *pro se* appellate brief prior to this Court's consideration of the first petition for leave to withdraw, which serves as evidence that Riede was aware of his right to represent himself in his appeal. Furthermore, we conclude that Counsel's *Anders* brief adequately summarizes the procedural history and relevant facts, discusses the issues raised by Riede in his petition for review, administrative appeal and briefs to this Court, and explains Counsel's determination that any appeal of the Board's decision is without merit, with citations to the relevant case law.

Because Counsel has satisfied the procedural requirements for withdrawal, we next independently evaluate the proceedings before the Board to determine whether the appeal is meritless.[5] *Dear v. Pennsylvania Board of Probation and Parole*, 686 A.2d 423, 426 (Pa. Cmwlth. 1996); *Frankhouser v. Pennsylvania Board of Probation and Parole*, 598 A.2d 607, 608-09 (Pa. Cmwlth. 1991). We first address the argument advanced by Riede in his administrative appeal that the 18-month period of backtime that the Board ordered him to serve as a convicted parole violator was excessive. Initially, we observe that Riede was ordered to begin service of his backtime on June 23, 2014, and he completed service of this term prior to the date of this opinion. Because Riede is only

---

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa. C.S. § 704; *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

challenging the term of backtime imposed by the Board's recommitment order and not the underlying recommitment order, this issue is moot: even if we were to agree with Riede that the 18-month backtime term was too long it would be impossible for this Court to now grant relief that would undo this alleged harm. *See Taylor v. Pennsylvania Board of Probation and Parole,* 746 A.2d 671, 674-75 (Pa. Cmwlth. 2000) (*en banc*) (an appeal will be dismissed as moot when the occurrence of an event renders it impossible for the court to grant the requested relief); *cf. Johnson v. Pennsylvania Board of Probation and Parole*, 482 A.2d 235 (Pa. 1984) (*per curiam*) (holding that a parolee could challenge the fact that he had been ordered to serve a period of backtime even after that period has expired because the fact that he had been recommitted as a parole violator could have future consequences).

Even assuming this issue were not moot, however, we would still conclude that the Board did not err by recommitting Riede for 18 months. Presumptive ranges for convicted parole violators are set forth in Section 75.2 of the Board's regulations; for drug offenses, the range is based upon the maximum term of imprisonment for the offense. 37 Pa. Code § 75.2. Riede pleaded guilty to one count of conspiracy to distribute 5 kilograms or more of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. (C.R. at 38-46.) The closest crime[6] in

---

[6] In *Harrington v. Pennsylvania Board of Probation and Parole,* 507 A.2d 1313, 1315 (Pa. Cmwlth. 1986), we noted that pursuant to Board regulation 75.1(e), 37 Pa. Code § 75.1(e), "in selecting the proper presumptive range for recommitment of a convicted parole violator [convicted of an out-of-state crime], the Board must look to the conduct for which the parolee was convicted, determine what crime that conduct would constitute if it occurred in Pennsylvania, and apply the presumptive range for the Pennsylvania crime." *Harrington*, 507 A.2d at 1315; *see also Abrams v. Pennsylvania Board of Probation and Parole*, 935 A.2d 604, 606-07 (Pa. Cmwlth. 2007).

7

Pennsylvania is Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act,[7] prohibiting, *inter alia*, the possession with intent to deliver a controlled substance as a felony punishable by a maximum term of imprisonment of ten years.[8] The presumptive range under Section 75.2 of the Board's regulations for a felony drug conviction with a statutory maximum term of ten years is 18 to 24 months. 37 Pa. Code § 75.2. The Board's recommitment of Riede here to serve 18 months of backtime based upon his conviction therefore is at the lower end of this range. Where, as in this case, the amount of backtime does not exceed the presumptive recommitment range, both this Court and our Supreme Court have ruled that courts will not review the Board's imposition of backtime, *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990); *Lotz v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988), and we will not do so here.

Next, we address the argument made by Riede before the Board and before this Court that the Board erred in calculating his parole violation maximum date and that he was improperly denied credit for the period from the date of his federal arrest, June 9, 2011, until the date of his federal sentencing, June 23, 2014. Unlike Riede's challenge to the Board's order for him to serve 18 months of backtime that has already been completed as of the date of this opinion, Riede's appeal of the Board's recalculation of his parole violation maximum date is not moot because the calculation could affect the amount of time he would have to serve on his 1997 sentence if he is recommitted in the future.

---

[7] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).

[8] Section 13(f)(1.1) of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(f)(1.1).

The general rule governing the allocation of credit for periods of pre-sentence confinement on criminal charges was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole,* 412 A.2d 568 (Pa. 1980). In *Gaito*, the Court held that "if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." 412 A.2d at 571; *see also Armbruster v. Pennsylvania Board of Probation and Parole,* 919 A.2d 348, 355 (Pa. Cmwlth. 2007). "If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Gaito*, 412 A.2d at 571; *see also Armbruster,* 919 A.2d at 355. An exception to the general rule of *Gaito* has been recognized in *Martin v. Pennsylvania Board of Probation and Parole,* 840 A.2d 299 (Pa. 2003), where the high Court recognized that a parolee should receive credit to the original sentence for periods of custody on a Board warrant and new criminal charges when the parolee is not convicted or does not receive a sentence of incarceration on the new conviction. *Id*. at 308-09. Similarly, this Court has held that a parolee is entitled to credit against his original sentence even though he does not post bail on the new charges where the sentence on the new criminal charges is less than the time spent in custody on those charges. *Armbruster,* 919 A.2d at 354-56; *Jones v. Pennsylvania Board of Probation and Parole*, 872 A.2d 1283, 1285 (Pa. Cmwlth. 2005).

This analytical framework of *Gaito* was further altered in 2010, however, when the General Assembly amended Section 6138(a) of the Prisons and Parole Code to add Paragraph 5.1. This provision now provides, in relevant part:

9

(a) Convicted violators.--

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

...

(5.1) If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term.

61 Pa. C.S. § 6138(a)(1), (5.1) (emphasis added).

In a series of cases, this Court has analyzed issues related to credit where a parolee is detained on, and ultimately convicted of, new federal criminal charges in light of the newly added Paragraph 5.1 of Section 6138 of the Prisons and Parole Code. In *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014), the parolee was arrested by the Williamsport Police Department on new state criminal charges and was also being held on a Board detainer, when federal authorities filed charges and a federal magistrate issued a detention order. *Id*. at 75. The state charges were ultimately dropped, but the parolee pleaded guilty to the federal charges and was sentenced to 48 months of confinement to be served consecutive to any other sentence. *Id*. at 75-76. During this period between the issuance of the federal detention order and the guilty plea in the federal case, the parolee remained in an SCI except for brief transfers on writ to attend federal court appearances. *Id*. at 77. The Board recommitted the parolee as a convicted parole violator to begin serving as of the date of the federal

10

sentence, only giving credit for the 277 days from the parolee's arrest to the date the federal detention order was lodged. *Id*. at 76. The parolee argued that he was entitled to backtime credit for the period from the date of the federal detainer up until the date of his federal sentence, but the Board, relying on *Gaito*, rejected this argument because the parolee was not in custody solely as a result of the Board warrant. *Baasit*, 90 A.3d at 76.

On appeal, we vacated the Board's determination that the parolee was not entitled to credit for the period prior to the federal sentence when he was held on the Board and federal detainers and remanded for reconsideration in line with the requirement of Section 6138(a)(5.1) that the balance of the parolee's state sentence should be served before service of the new federal sentence. *Id.* at 82-83. In support of this result, we noted that the General Assembly's addition of Paragraph 5.1 to the Prisons and Parole Code "constituted a significant change in legislative policy regarding the order of service of sentences where the convicted parole violator received a new sentence in a federal court or a court of another jurisdiction." *Id*. at 82. Such a legislative change was consistent with criticism of the cost-effectiveness of the previous statutory requirement which allowed Pennsylvania to pay to house parolees for time that was credited to out-of-state sentences that were ordered to run concurrently with service of Pennsylvania time. *Id*. at 78 (citing *Santiago v. Pennsylvania Board of Probation and Parole*, 937 A.2d 610, 615 (Pa. Cmwlth. 2007) (*en banc*)). Furthermore, this Court observed that requiring the service of the state sentence first per Section 6138(a)(5.1), which in some instances would allow for the application of credit to the state sentence even though the parolee is not being detained solely on a Board detainer, is consistent with the "more flexible approach to credit" set forth in the Supreme

Court's decision in *Martin*. *Baasit*, 90 A.3d at 82. This Court further found support for its holding on the doctrine of primary jurisdiction, which provides that the sovereign which first arrests a defendant has primary jurisdiction over him until relinquished through release, dismissal or expiration of a sentence. *Id*. at 77-78, 83. Finally, the Court in *Baasit* observed that federal statute would not allow the U.S. Bureau of Prisons to give credit toward the new federal sentence for any time credited to the state sentence by the Board, thus ensuring that the parolee would not be given double credit for pre-sentence confinement. *Id*. at 81, 83 (citing 18 U.S.C. § 3585(b)).

This Court followed the holding of *Baasit* in *Smith v. Pennsylvania Board of Probation and Parole*, 133 A.3d 820 (Pa. Cmwlth.), *appeal granted*, 143 A.3d 891 (Pa. 2016), and *Banks v. Pennsylvania Board of Probation and Parole*, 136 A.3d 1102 (Pa. Cmwlth. 2016). In *Smith*, the parolee was arrested by North Carolina police, and the Board lodged a detainer the following day; federal authorities indicted the parolee three months later and he was transferred to federal custody and returned to Pennsylvania to be housed in a county prison on a federal detainer. 133 A.3d at 821. Following a guilty plea and sentencing to a term of imprisonment in federal court, the Board recommitted the parolee and gave him backtime credit only for the period between the issuance of the Board detainer and the federal detainer while he was confined in North Carolina. *Id*. at 821-22. Following a discussion of *Baasit*, we stated that the General Assembly's addition of Paragraph 5.1 to Section 6138 requires that "any presentence confinement earned by [a convicted parole violator who receives a new out-of-jurisdiction sentence] must be applied to his original sentence." *Smith*, 133 A.3d at 825. Finding "virtually no difference between *Baasit* and this case," we vacated the

12

Board's denial of the parolee's administrative appeal and remanded for the Board to give the parolee credit on his original state sentence for the period from the date the federal detainer was issued until the date of his federal sentence when he was returned to state custody. *Smith*, 133 A.3d at 825.

In *Banks*, the parolee was arrested by local police and was returned to an SCI on a board detainer, during which time he was recommitted as a technical parole violator and indicted on federal charges. 136 A.3d at 1104. The parolee was then transferred by federal writ for his arraignment hearing on his new charges at which time he was ordered to be detained in federal custody by the federal Magistrate Judge. *Id.* The parolee remained in federal custody and ultimately pleaded guilty and was sentenced to a 41-month term of imprisonment. *Id.* at 1104, 1108. The Board granted the parolee credit towards his original sentence for the period from the date of his arrest until the date he was arraigned and ordered detained by the Magistrate Judge, but denied credit for the period following the arraignment. *Id.* at 1105. On appeal, this Court vacated and remanded so that the Board could give him credit for the period from the date of the federal detainer until the date the federal sentence was imposed in accordance with the interpretation of Section 6138(a)(5.1) advanced in *Baasit* and *Smith*. *Banks*, 136 A.3d at 1108-10. In making this holding, we rejected the Board's argument that the parolee should not be entitled to credit for the period from January 27, 2014 to March 19, 2015 because he was not confined in an SCI at all during this period, noting precedent holding that the amount of time that a parolee is physically confined within a particular facility is not relevant to determining which authority has jurisdiction over the individual. *Id.* at 1108-09. We further found support for our holding because, like in *Baasit*, there was no concern that the parolee would

receive double credit because the federal Bureau of Prisons was prohibited by statute from allocating periods of pre-sentence confinement to his federal sentence for time allocated to the original state sentence. *Banks*, 136 A.3d at 1110.

As in *Baasit*, *Smith* and *Banks*, Riede was arrested on June 9, 2011 on new federal charges, pleaded guilty on March 4, 2014 and he was sentenced on June 23, 2014. During this period, Riede was also held on a Board detainer from June 10, 2011 until September 18, 2013, his original maximum date, and again from June 20, 2014 to June 23, 2014. Pursuant to Section 6138(a)(5.1) and *Baasit*, *Smith* and *Banks*, the Board would ordinarily be required to give Riede credit towards his old sentence for the periods from June 10, 2011 to September 18, 2013 and June 20, 2014 to June 23, 2014 when he was held on a Board warrant.

However, there are two important distinctions between this case and *Baasit*, *Smith* and *Banks* that lead us to the conclusion that the application of Section 6138(a)(5.1) as set forth in these cases is not applicable here. First, Riede was sentenced in federal court to a period of incarceration for time served rather than a term of imprisonment that could begin after the date of the state sentence. Thus, unlike in *Baasit* and *Banks* where this Court observed that a federal statute forbids the Bureau of Prisons from giving credit on the new federal sentence for time allocated to the original state sentence, any credit by the Board for pre-sentence confinement here would certainly result in double credit on his state and federal sentences because the federal sentence was already calculated as time served in federal custody from arrest to sentencing. Second, Riede was arrested first by federal authorities on federal charges while he was at liberty on parole unlike *Baasit*, *Smith* and *Banks* where the parolees were each held on a Board detainer prior to federal charges or a federal detainer being filed. Riede thus first

14

came under the jurisdiction of the United States government and the federal sovereign did not relinquish that authority until the date of his federal sentencing, which is also the date that the Board determined Riede was available to begin serving his state backtime. Therefore, the doctrine of primary jurisdiction does not support Riede's argument that he should be entitled to credit for pre-sentence confinement. Accordingly, in this case, Section 6138(a)(5.1) does not require that the Board award Riede credit for the time spent in custody prior to his federal sentencing, when Riede was held on both Board and federal detainers.

Riede additionally argues that the Board exceeded its authority, contending that the Board's recommitment of Riede beyond his original judicially imposed sentence maximum date unconstitutionally usurps the power of the judiciary and violates his due process rights. However, as Counsel notes in his *Anders* brief, our Supreme Court has previously addressed, and rejected, the arguments made by Riede here. In *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843 (Pa. 1979), the Court concluded that in exercising its power to recommit beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power but rather is operating under the express authority granted to it by the General Assembly. *Id*. at 845-48; *see also Gaito*, 412 A.2d at 570; *Ohodnicki v. Pennsylvania Board of Parole,* 211 A.2d 433, 435 (Pa. 1965); *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 685-86 (Pa. Cmwlth. 2011). As the Court explained in *Young*, the argument that the denial of credit for time at liberty on parole amounts to an extension of the maximum date imposed by the sentencing judge is predicated on the "fallacy of...equat[ing] time served on parole with time served in an institution.

15

'Mere lapse of time without imprisonment...does not constitute service of sentence....'" *Young*, 409 A.2d at 846 (quoting *Anderson v. Corall*, 263 U.S. 193, 196 (1923)). Moreover, the Court has held that the Board's authority to extend the maximum term expiration date does not violate a parolee's due process rights. *Gaito*, 412 A.2d at 570; *see also Diaz v. Pennsylvania Board of Probation and Parole*, 525 A.2d 467, 468 n.2 (Pa. Cmwlth. 1987). Accordingly, Riede's argument that the Board exceeded its authority by calculating a new parole maximum violation date and violated his due process rights is without merit.

Finally, we address the issue raised by Counsel in his *Anders* brief regarding whether the Board was authorized to order Riede to serve the remainder of his sentence without giving him any credit for time spent at liberty on parole or "street time."[9] Prior to amendments to Section 6138(a) of the Prisons and Parole Code that took effect in 2012, recommitment <u>without</u> credit for time spent at liberty on parole was mandatory. However, pursuant to the Act of July 5, 2012, P.L. 1050, language was added to Paragraph 2 and a new Paragraph 2.1 was added to Section 6138. These provisions now read as follows:

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*
>
> *(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:*

---

[9] *See Dorsey v. Pennsylvania Board of Probation and Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

16

*(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).*

*(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).*

61 Pa. C.S. § 6138(a)(2)-(2.1) (emphasis added). The disqualifying categories in Paragraph 2.1 did not apply to Riede and therefore the Board could, in its discretion, award him credit on his recommitment for time spent at liberty on parole. However, the Board denied Riede such credit by checking a box labeled "No" on the portion of the Board hearing report form related to credit for time spent at liberty on parole. (C.R. at 27.) The Board did not indicate any reason for this decision to deny credit on the hearing report form.

In *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (*en banc*), an *en banc* panel of this Court addressed the argument posed by the parolee whether simply checking a "No" box on the hearing report form to indicate that it was denying credit for street time constituted an abuse of the Board's discretion under Section 6138(a)(2.1). Answering this question in the negative, this Court held that though the Board in that case checked the "No" box without any further articulation of the reasons for its decision to deny credit for time spent at liberty on parole "the Board fully exercised the discretion that the legislature afforded to it under section 6138 of the [Probation and] Parole Code." 131 A.3d at 611. On May 23, 2016, the Pennsylvania Supreme Court

granted allowance of appeal in *Pittman* to address the following question: "Did the Parole Board abuse its discretion by summarily denying petitioner credit against his maximum sentence for time that he spent at liberty on parole following his recommitment as a convicted parole violator?" *Pittman v. Pennsylvania Board of Probation and Parole*, 137 A.3d 572 (Pa. 2016).

It could be argued that Riede's argument tracks that of the parolee in *Pittman* and his appeal therefore would appropriately be directed to the Supreme Court, leading us to the conclusion that Counsel's petition for leave to withdraw must be denied so that he might file a petition for leave to appeal. However, our thorough review of the record reveals that, among the many arguments that Riede presented at the administrative and appellate levels, he has not preserved for appellate review an argument that the Board abused its discretion by failing to give him credit for street time. Failure to raise an issue before the Board or in a petition for review results in a waiver for purposes of appellate review. *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012); *McDaniel v. Pennsylvania Board of Probation and Parole*, 587 A.2d 42, 45 (Pa. Cmwlth. 1991). Riede did not address Section 6138(a)(2.1) or assert that the Board abused its discretion by not giving him credit for street time in either his administrative appeal from the Board's recommitment order or his petition for review or ancillary petition for review filed with this Court. Furthermore, while Riede argued in correspondence to the Board following his initial administrative appeal that the Board abused its discretion and did not provide sufficient written justification for its decisions (C.R. at 74, 82, 84) and repeated this argument in his appellate brief in support of his application for *in forma pauperis* status and in an appendix to his appellate brief on the merits, it is clear from a full reading of his

submissions to the Board and this Court that these comments related to his arguments concerning whether the Board has authority to recalculate his parole violation maximum date and the order that he serve 18 months backtime.

Accordingly, we grant Counsel's petition for leave to withdraw as counsel for Riede and affirm the determination of the Board.

_____

**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert S. Riede,                                  :
                          Petitioner              :
                                                  :
                  v.                              :        No. 337 C.D. 2015
                                                  :
Pennsylvania Board of Probation                   :
and Parole,                                       :
                          Respondent              :

# **O R D E R**

AND NOW, this 30th day of March, 2017, the second petition for leave to withdraw as counsel filed by Christopher E. Farrell, Esq., in the above-captioned matter is hereby GRANTED and the January 21, 2015 determination of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**