# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas Smith, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 724 C.D. 2016 |
| | : | Submitted: January 13, 2017 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: March 3, 2017**

Thomas Smith (Smith), an inmate at a state correctional institution, petitions for review of a decision of the Pennsylvania Board of Probation and Parole (Board) that affirmed the dismissal of his administrative appeal as untimely.  Smith argued the Board did not properly credit his time served and so erred in recalculating his maximum sentence date.  Also before us is the motion of Harry J. Cancelmi, Esquire, public defender of Greene County (Counsel), to withdraw as counsel on the ground that the petition for review is frivolous.  For the reasons that follow, we grant Counsel's petition to withdraw, and we affirm the Board's order.

## I. Background

Smith was released on parole on June 14, 2012.  At that time, his original maximum sentence date was January 30, 2016, and he owed three years, seven months and 16 days.

While on parole, Smith was arrested for a series of crimes. He was unable to post bail. The Board issued a detainer based on the new charges on August 31, 2014.

On September 22, 2015, Smith was sentenced on the new charges, with a credit of 388 days for time served, from August 31, 2014 to September 22, 2015. As discussed below, Smith seeks to also obtain this credit toward his original sentence.

After his 48-hour parole on the new sentence, Smith returned to Department of Corrections' custody on September 24, 2015. Smith waived counsel and his right to a hearing; he also admitted his new conviction on November 3, 2015.

By decision mailed on January 25, 2016, the Board recommitted Smith as a convicted parole violator to serve 24 months backtime. Based on his recommitment, his maximum sentence date was recalculated as May 11, 2019.

In March 2016, Smith appealed the recalculated maximum sentence date, asserting the Board did not give him proper credit on his original sentence. Because the Board did not receive his appeal within 30 days of the mailing date of its decision as required by 37 Pa. Code §73.1, by February 24, 2016, it dismissed Smith's appeal as untimely. See Certified Record (C.R.) at 87. The Board did not address the merits of Smith's claims.

Smith, representing himself, filed a petition for review asserting he was entitled to credit on his sentence for time served. He claimed credit was warranted while he was in custody on the Board's detainer before his court appearance and was unable to post bail.

In June 2016, this Court appointed Counsel to represent Smith. After the Board certified the record, Counsel filed a motion for leave to withdraw as counsel and an "Anders[1] brief," pursuant to decisions of our Supreme Court regarding appointed counsel's obligations where he seeks leave to withdraw from representing a parolee on the ground that an appeal is frivolous.

By order dated September 26, 2016, acknowledging Counsel's motion for leave to withdraw, this Court advised Smith he may obtain substitute counsel or file a brief on his own behalf. Counsel certified service of the order on Smith. However, Smith did not file a brief or obtain substitute counsel.

## II. Discussion

Although an indigent parolee is entitled to appointed counsel on appeal, this right does not require appointed counsel to prosecute a frivolous appeal. Reavis v. Pa. Bd. of Prob. & Parole, 909 A.2d 28 (Pa. Cmwlth. 2006). Accordingly, "when[,] in the exercise of his professional judgment, counsel determines the issues raised are wholly frivolous, and when this Court concurs, counsel will be permitted to withdraw." Id. at 33.

---

[1] Anders v. California, 386 U.S. 738 (1967).

## A. Withdrawal

Before we consider the merits of Smith's petition for review, we first address Counsel's motion to withdraw and determine whether Counsel satisfied the prerequisites for withdrawal. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013). When appointed counsel for an inmate seeks to withdraw on the ground that an appeal is without merit, he must satisfy the following requirements: (1) notify the inmate of his request to withdraw; (2) furnish the inmate with a copy of an Anders brief or no-merit letter addressing all of the issues the inmate wishes to raise on appeal and providing an explanation of why each of those issues is meritless; and, (3) advise the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc).

From our review of his submissions, Counsel met the technical requirements for withdrawal here. First, Counsel advised Smith of his request to withdraw. Counsel certified that he served Smith with his application for leave to withdraw on September 22, 2016.

Next, Counsel filed and served an Anders brief on Smith, explaining why the appeal lacks merit. Here, Smith has only a statutory, as opposed to a constitutional, right to counsel. Hughes. Thus, Counsel was only required to file a no-merit letter in support of his motion to withdraw. However, we do not deny a motion to withdraw in cases where a no-merit letter suffices but counsel instead submitted an Anders brief in support. Miskovitch. Rather, we consider Counsel's

4

submission in support of his withdrawal against the lack of merit standard applicable to a no-merit letter. Id.

Evaluating Counsel's brief as a no-merit letter, it meets the requirements outlined in Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988). Counsel summarized the procedural history and pertinent facts, showing the extent of his review. Counsel addressed the sole issue Smith raised in his petition for review, alleging he received improper credit for time served, as well as the Board's dismissal of Smith's administrative appeal as untimely. In addition, Counsel included his analysis leading to his conclusion that the appeal lacks merit.

Lastly, Counsel notified Smith of his right to retain new counsel, or to submit a brief on his own behalf. Counsel filed a certificate of service certifying his service of this Court's order dated September 26, 2016, which contains the appropriate notification.

Having determined Counsel satisfied the criteria for withdrawal, we independently evaluate the merit of Smith's appeal.[2]

## B. Merit of Appeal

Our independent examination confirms that Smith's contentions are meritless. In his petition for review, Smith argues the Board erred in not crediting

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013).

5

the time awaiting his sentencing on the new charges, when he was on the Board's detainer and he had not posted bail. Notably, Smith did not address the untimeliness of his appeal, which was the basis for the Board's dismissal.

Board regulations provide that administrative appeals must be filed within 30 days of the mailing date of the Board's decision. 37 Pa. Code §73.1. Because this 30-day time period is jurisdictional, it cannot be extended absent a showing of fraud or a breakdown in the administrative process sufficient to warrant *nunc pro tunc* relief. Smith v. Pa. Bd. of Prob. & Parole, 81 A.3d 1091 (Pa. Cmwlth. 2013). An inmate's failure to file a timely appeal of a Board decision effectively bars this Court from considering issues determined in that decision. Lawrence v. Pa. Bd. of Prob. & Parole, 145 A.3d 799 (Pa. Cmwlth. 2016).

Here, the mailing date of the relevant decision was January 25, 2016. Therefore, Smith's appeal was due on or before February 24, 2016. However, Smith did not submit his appeal until February 28, 2016,[3] and the Board did not receive it until March 3, 2016. Accordingly Smith's appeal was untimely. Moreover, Smith provided no reasons for its untimeliness. Therefore, the Board did not err in dismissing his administrative appeal.

---

[3] The certified record contains a copy of the envelope addressed to the Board that includes a handwritten note: "mailed at 12:30 PM Sunday 2/28/16." Certified Record at 86. Under the prisoner mailbox rule, we calculate timeliness using the date an unrepresented prisoner placed mail in the prison mailbox so the time the mail is outside the prisoner's control is not charged against him. Kittrell v. Watson, 88 A.3d 1091 (Pa. Cmwlth. 2014). Here, Smith needed to place his appeal in the prison mailbox by February 24, 2016, four days earlier. Accordingly, the prisoner mailbox rule also does not cure the untimeliness of this appeal.

6

Because the Board was divested of jurisdiction to consider the merits of Smith's appeal, we need not consider the merits of the credit issue.[4] Merriwether v. Pa. Bd. of Prob. & Parole, 693 A.2d 1000 (Pa. Cmwlth. 1997).

### III. Conclusion

For the foregoing reasons, we grant Counsel's petition to withdraw, and we affirm the Board's order denying administrative relief.

_____
ROBERT SIMPSON, Judge

---

[4] From our review, the Board properly recalculated Smith's maximum sentence date by adding the time remaining on his original sentence (three years, seven months, and 16 days) to the date he was returned to custody, September 24, 2015. See e.g., Banks v. Pa. Bd. of Prob. & Parole, 136 A.3d 1102 (Pa. Cmwlth. 2016) (explaining maximum date is recalculated by adding time remaining on original sentence using the return to custody date). The Board has "the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." Knisley v. Pa. Bd. of Prob. & Parole, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Presentencing confinement time is credited toward the new charge, not against backtime when an inmate is convicted on the new charge. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980); Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348 (Pa. Cmwlth. 2007) (convicted parolee is not entitled to credit on original sentence for time served awaiting sentencing). Here, Smith's presentence confinement time, from August 31, 2014 through September 22, 2015, was credited to his new sentence. Therefore, he received proper credit for his time served.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Thomas Smith, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 724 C.D. 2016 |
| | : | Submitted: January 13, 2017 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

# **O R D E R**

**AND NOW**, this 3rd day of March, 2017, we **GRANT** Harry J. Cancelmi, Esquire's petition to withdraw as counsel, and we **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.

_____
ROBERT SIMPSON, Judge