# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone Hopper,                              :
                    Petitioner             :
                                           :
         v.                                :
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :    No. 242 C.D. 2018
                    Respondent             :    Submitted: October 5, 2018


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                     FILED: February 8, 2019


        Tyrone Hopper (Hopper) petitions for review from the February 6, 2018 order of the Pennsylvania Board of Probation and Parole (Board) denying Hopper's request for administrative relief which challenged the recalculation of his parole violation maximum sentence date. Hopper is represented by Lindsey Collins, Esquire (Counsel), who asserts that the appeal is without merit and seeks permission to withdraw as counsel. For the foregoing reasons, we grant Counsel's motion to withdraw and affirm the order of the Board.

        On December 11, 2012, the Board released Hopper on parole after he served time in a state correctional institution (SCI) on his original sentence of 3 years 5 months and 15 days to 6 years 11 months, with a maximum sentence date of June 18, 2015. Certified Record (C.R.) 2 & 71. While on parole, on August 27, 2013,

the Philadelphia Police Department arrested Hopper, *id*. at 19-27, and three criminal complaints were filed against him with bail set at $150,000 on each matter.[1] *Id*. at 29, 40, 43 & 46. The Board and the police detained Hopper pending the disposition of the criminal complaints. *Id*. at 16-17.

On October 31, 2013, the Municipal Court of Philadelphia County (municipal court) held preliminary hearings on the three criminal complaints. The municipal court dismissed the complaint alleging theft for receiving stolen property; lowered bail to "ROR" (release on his own recognizance) on the complaint alleging robbery, assault, theft, resisting arrest, and violations of the Pennsylvania Uniform Firearms Act of 1995, 18 Pa. C.S. §§ 6101-6127; and subsequently, on November 7, 2013, reduced Hopper's bail to ROR on the complaint alleging simple assault and recklessly endangering another person. C.R. 115. Commencing November 7, 2013, Hopper remained detained solely on the Board's detainer.

On October 16, 2014, Hopper was convicted of several new crimes, including robbery, following a jury trial in the Court of Common Pleas of Philadelphia County (trial court).[2] *Id*. at 64-67. Subsequently, the Board held a

---

[1] The criminal complaints filed against Hopper included the following charges:

> (1) MC-51-CR-0033405-2013: aggravated assault; robbery; several violations of the Pennsylvania Uniform Firearms Act of 1995, 18 Pa. C.S. §§ 6101-6127, including no license, possession of instrument of crime with intent and loaded weapon on the streets; theft-unlawful taking; simple assault; and resisting arrest
> (2) MC-51-CR-0033406-2013: simple assault and recklessly endangering another person
> (3) MC-51-CR-0033407-2013: theft-receiving stolen property

C.R. 29.

[2] The jury convicted Hopper of robbery, possession of firearm prohibited, carrying firearm without a license, carrying firearms in public, possession of instrument of crime with intent, and two counts of recklessly endangering another person. C.R. 71.

revocation hearing and, by decision made on January 27, 2015, recommitted Hopper as a convicted parole violator. *Id*. at 56 & 135. On August 25, 2016, the trial court sentenced Hopper to 6 to 12 years of incarceration at a SCI on the new crimes. *Id*. at 142. On December 5, 2016, the Board issued a decision to recommit Hopper to serve his unexpired term of 1 year 6 months and 29 days (576 days) and calculated a new maximum date of March 24, 2018. *Id*. at 140-41.

On or about December 15, 2016, Hopper filed an administrative appeal challenging his maximum sentence date of March 24, 2018 on his original sentence.[3] *Id*. at 144-46. The Board denied his appeal, by order mailed February 6, 2018, and explained:

> You were released on parole on December 11, 2012, with a maximum sentence date of June 18, 2015. At that point 919 days remained on your sentence. The Board has the authority to establish a parole violation maximum date in cases of convicted parole violators. *See Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because you were committed as a convicted parole violator, you are required to serve the remainder of your original term and are not entitled to credit for any periods of time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). You are entitled to 343 days credit on your parole violation maximum date for the time you were detained from November 7, 2013 to October 16, 2014 because you were detained solely by the Board during that

---

[3] Although the March 24, 2018 date has passed, this matter is not moot because Hopper still has to serve time on his new sentence of 6 years to 12 years at a SCI. C.R. 142. Hopper contested the Board's recalculation of his maximum sentence date because he sought to start serving time on his new sentence sooner. *See* 61 Pa. C.S § 6138(a)(5)(i) (stating, "if a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by the Pennsylvania court shall precede the commencement of the new term imposed in the following cases: (i) [i]f a person is paroled from a [SCI] and the new sentence imposed on the person is to be served in the [SCI]").

3

period. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980). You were sentenced to state incarceration on August 25, 2016. Because you were sentenced to state incarceration, you are required to serve your original sentence prior to your new sentence. 61 Pa. C.S. § 6138(a)(5)(i). Adding 576 days (919 – 343) to August 25, 2016 results in your March 24, 2018 parole violation maximum date.

*Id*. at 153.

On February 23, 2018, Hopper, *pro se*, petitioned this Court for review of the Board's decision.[4] On April 12, 2018, this Court issued an order appointing the Wayne County Public Defender's Office to represent Hopper and Counsel entered her appearance with this Court. After review, on August 3, 2018, Counsel filed a motion to withdraw as counsel. In her motion, Counsel indicates that on August 1, 2018, she sent a copy of a no-merit letter[5] to Hopper wherein she explained

---

[4] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[5] Counsel seeking to withdraw may file an *Anders* Brief or a no-merit letter. If petitioner has a constitutional right to counsel, then counsel should file an *Anders* Brief. A constitutional right to counsel requiring an *Anders* Brief exists where the petitioner raises a colorable claim:

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation appropriate, and that the reasons are complete or otherwise difficult to develop or present.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). In cases where there is no constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a parolee's maximum sentence date, this Court only requires a no-merit letter explaining why the claim is meritless to support the motion to withdraw. *Id.* at 25-26.

The *Anders* Brief derives its name from a line of cases commencing with the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), which addressed the standards for withdraw of appointed counsel. *Hughes,* 977 A.2d at 22. With respect to the no-

4

that she reviewed Hopper's petition for review and the certified record and concludes that the issues raised by Hopper lack merit. Motion to Withdraw as Counsel ¶¶ 4 & 5.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) she must notify the petitioner of the request to withdraw; (ii) she must furnish the petitioner with a copy of a no-merit letter; and (iii) she must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met the technical requirements to withdraw. On August 3, 2018, Counsel served Hopper with a copy of the motion to withdraw as counsel and the no-merit letter as evidenced by the certificate of service attached to the motion and no-merit letter. *See* Certificate of Service attached to Motion to Withdraw as Counsel. In the no-merit letter, Counsel advised Hopper of his "right

---

merit letter, such letters are referred to by other names, including "*Turner* letter." *Hughes*, 977 A.2d at 24 n.2; *see Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). We will refer to the letter herein as a no-merit letter.

5

to retain new counsel or raise any new points [he] deem[s] worthy of consideration by submitting a brief on [his] own behalf." Counsel's No-Merit Letter at 1. On August 13, 2018, Counsel filed a Certificate of Service with this Court certifying that she served Hopper with a copy of this Court's August 6, 2018 order by first class mail. The August 6, 2018 order gave Hopper 30 days to obtain substitute counsel at his own expense or to file a brief on his own behalf in light of Counsel's request to withdraw. Upon review of the substance of the no-merit letter, Counsel analyzed Hopper's issues and explained why each lacks merit, citing law to support her conclusion. We now independently review the merits of Hopper's claims.[6]

First, Hopper asserts that the Board erred by failing to give him credit for time spent at liberty on parole "in compliance" with parole as he was "never delinquent, nor absconded." Petition for Review ¶¶ 6a-b. Section 6138(a)(1)-(2) of the Prisons and Parole Code (Parole Code) provides that if the Board orders recommitment as a convicted parole violator, the parolee shall be reentered to serve the "remainder of the term which the parolee would have been compelled to serve had the parole not been granted" and "shall be given no credit for the time at liberty on parole." 61 Pa. C.S. § 6138(a)(1)-(2). The Board, however, may, in its discretion, award credit to a convicted parole violator for time spent at liberty on parole, unless the offender is convicted of certain offenses. 61 Pa. C.S. § 6138(a)(2.1). These offenses include a crime committed during the period of parole that is a crime of violence as defined in Section 9714(g) of the Sentencing Code, 42 Pa. C.S. § 9714(g). *Id.* A crime of violence expressly enumerated is robbery. *See* 42 Pa. C.S. § 9714(g) (defining "crime of violence" to include "robbery as defined in 18 Pa. C.S. § 3701(a)(1)(i), (ii) or (iii)"). Here, Hopper was convicted for several crimes,

---

[6] Hopper did not obtain new counsel or file a brief. Our review of Hopper's arguments are limited to those set forth in his Petition for Review.

6

including the crime of robbery pursuant to 18 Pa. C.S. § 3701(a)(1)(ii), which is a crime of violence expressly enumerated in 42 Pa. C.S. § 9714(g). C.R. 64. Because Hopper was convicted of a crime of violence, the Board could not grant Hopper credit for the time he spent at liberty on parole. Therefore, Hopper's first argument lacks merit.

Second, Hopper asserts that the Board "failed" to consider that he was "outside the jurisdiction of both the [Board] and the DOC, approximately 90 days" (from August 27, 2013 to November 7, 2013) that he spent incarcerated in county jail pre-sentence on the new criminal charges. Petition for Review ¶ 6b. Relying on Section 6138(a)(5.1) of the Parole Code, 61 Pa. C.S. § 6138(a)(5.1), and *Banks v. Pennsylvania Board of Probation and Parole*, 136 A.3d 1102 (Pa. Cmwlth. 2016), *vacated and remanded*, 176 A.3d 228 (Pa. 2017), Hopper argues that he must receive credit against his original sentence for the 90 days he served pre-sentence awaiting trial on the new criminal charges. Petition for Review ¶ 6c. Hopper asserts that the Board should have recalculated his maximum sentence date on the original sentence to September 18, 2015.[7]

However, Section 6138(a)(5.1) of the Parole Code and *Banks*, which interprets that section, do not apply to this matter because Hopper was not sentenced by a federal court or court of another jurisdiction. Section 6138(a)(5.1) applies when a "parolee is sentenced to serve a new term of total confinement *by a Federal court or by a court of another jurisdiction* because of a verdict or plea . . . . " 61 Pa. C.S. § 6138(a)(5.1) (emphasis added); *Banks*, 136 A.3d at 1110 (holding that Section 6138(a)(5.1) "mandates" that a parolee serve his original sentence before serving his new *federal sentence* and that any "pre-confinement credit" earned by the parolee

---

[7] Hopper arrives at this date by adding 90 days to his original maximum sentence date of June 18, 2015.

7

must be applied to the parolee's original sentence if he is being held on both a *federal* and Board detainer).  Rather, Hopper was sentenced by a state court to incarceration in a SCI.  C.R. 142.  Therefore, the Board did not err when it did not apply Section 6138(a)(5.1) or *Banks* to this matter as requested by Hopper.

Further, upon our review of the pertinent case law, the Board did not err when it refused to credit Hopper with the 90 days he served pre-sentence against his original sentence.  Generally, time spent incarcerated prior to sentencing shall be credited to a convicted parole violator's original sentence only when he has satisfied bail requirements for the new offense and, therefore, remains incarcerated solely by reason of the Board's detainer.  *Gaito*, 412 A.2d 568 at 571.  When bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence.  *Id.*  However, in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), our Supreme Court created an exception to this rule.  In *Martin*, the Court held that "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Id.* at 309.  When it is not possible to award all of the credit to the new sentence because the "period of pre-sentence incarceration exceeds the maximum term of the new sentence," credit must be applied to the parolee's original sentence.  *Id.* Recently, our Supreme Court held that *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is to be applied.  *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 769 (Pa. 2017).

Here, Hopper is not entitled to credit towards his original sentence for the almost "90 days" he served pre-sentence while detained on the Board's warrant and on the new criminal charges because his new sentence of 6 to 12 years of

confinement at a SCI exceeds 90 days and, therefore, it is possible to award all of the credit to the new sentence.[8] *See Martin*, 840 A.2d at 309. The Board, however, properly gave Hopper credit against his original sentence for the 343 days he served pre-sentence (from November 7, 2013 to October 16, 2014) once the trial court reduced his bail to ROR and Hopper remained in custody solely on the Board's detainer. *Gaito*, 412 A.2d at 571 (holding that time spent in custody solely on the Board's detainer shall be credited against the parolee's original sentence). At the time of parole, Hopper had 919 days remaining on his sentence. The Board reduced the 919 days by the 343 days Hopper served on the Board's detainer to arrive at 576 days left on his original sentence. The Board added the 576 days he owed on his original sentence to August 25, 2016 (the date of sentencing on the new crimes, *i.e.*, his return date) to arrive at the new maximum sentence date of March 24, 2018. The Board did not err in its calculation of Hopper's new maximum sentence date. As a result, Hopper's second argument that he is entitled to credit for additional time against his original sentence lacks merit.

Third, Hopper argues that the Board, when recalculating his maximum sentence date, exceeded its authority by extending the period of parole beyond the maximum term imposed by the sentence, as only the judiciary has this authority. Petition for Review ¶¶ 6a & e. It is well settled that the Board, when recalculating the sentence of a convicted parole violator, is not encroaching upon judicial powers but merely requiring the parole violator to serve his entire sentence under the authority granted by the General Assembly. *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979) (explaining that the Board's recalculation of sentence

---

[8] Hopper does not challenge that this time was not credited to his new sentence. Even if Hopper has an issue with the allocation of the 90 days to the new sentence, his assertion must be addressed to the sentencing court or the Superior Court on appeal. *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 n.3 (Pa. Cmwlth. 2016).

9

of convicted parole violator is "not an encroachment upon the judicial sentencing power"). The Board cannot extend the "duration of the sentence" because fixing the sentence is a judicial function; for this reason, the Board, when recalculating a convicted parolee's maximum sentence date, cannot impose backtime[9] that exceeds the remaining balance of his unexpired term. *See* 61 Pa. C.S. § 6138(a)(2) (directing that when recommitted as a convicted parole violator "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted . . . "); *see also Harvey v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1375 C.D. 2017, filed Sept. 7, 2018), slip op. at 6 (citing *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 901 (Pa. 1942)).[10] It is the duration of the maximum sentence that controls, not the actual maximum sentence date. *Banks*, 28 A.2d at 901. Here, when recalculating Hopper's maximum date, the Board only added the time Hopper had not yet served on his original sentence, 576 days, to arrive at the March 24, 2018 maximum date. Because the Board's calculation of backtime only included the time that Hopper had not yet served on the original sentence, and nothing more, the Board did not err. Accordingly, Hopper's final argument lacks merit.

For the foregoing reasons, we grant Counsel's motion to withdraw and affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

[10] Pursuant to Commonwealth Court Internal Operating Procedures § 414(a), 210 Pa. Code § 69.414(a), an unreported opinion of this Court may be cited for its persuasive value.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone Hopper,                          :
            Petitioner                  :
                                        :
        v.                              :
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :   No. 242 C.D. 2018
            Respondent                  :

O R D E R

AND NOW, this 8th day of February, 2019, the motion to withdraw as counsel filed by Lindsey Collins, Esquire is GRANTED, and the February 6, 2018 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge